(Rev. 3/3/08)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| ARKALON GRAZING ASSOCIATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 09-1394-EFM |
| | ) | |
| CHESAPEAKE OPERATING, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**PHASE I SCHEDULING ORDER**

On January 14, 2010, pursuant to Fed. R. Civ. P. 16(b), the court conducted a scheduling conference in this case with the parties.[1] Plaintiff appeared through counsel David Sharp, Rex Sharp, and Peter Olson. Defendant appeared through counsel Robert Coykendall.

After consultation with the parties, the court enters this scheduling order, summarized in the table that follows:

[1] As used in this scheduling order, the term "plaintiff" includes plaintiffs as well as counterclaimants, cross-claimants, third-party plaintiffs, intervenors, and any other parties who assert affirmative claims for relief. The term "defendant" includes defendants as well as counterclaim defendants, cross-claim defendants, third-party defendants, and any other parties who are defending against affirmative claims for relief.

## SUMMARY OF DEADLINES AND SETTINGS

| Event | Deadline/Setting |
|---|---|
| Plaintiff's settlement proposal | |
| Defendant's settlement counter-proposal | |
| Confidential settlement reports to magistrate judge, with identification of agreed-upon mediator or other ADR neutral | 1/29/10 |
| Mediation or other ADR process completed | 3/31/10 |
| Settlement conference with court | |
| Initial disclosures exchanged | 1/22/10 |
| All discovery completed | 7/16/10; expert 8/6/10 |
| Early discovery completed | |
| Experts disclosed by plaintiff | 5/28/10 |
| Experts disclosed by defendant | 7/16/10 |
| Rebuttal experts disclosed | 8/6/10 |
| Independent medical examinations | |
| Supplementation of disclosures | per rule and 40 days prior to close of discovery |
| Preliminary witness and exhibit disclosures | |
| Jointly proposed protective order submitted to court | 1/22/10 |
| Motion and brief in support of proposed protective order (only if parties disagree about need for and/or scope of order) | 1/22/10 |
| Motions to join additional parties or otherwise amend the pleadings | add parties - 3/5/10<br>amend pleadings - 5/28/10 |
| Motions to dismiss for lack of personal jurisdiction, venue, propriety of the parties, or failure to state a claim | |
| All other potentially dispositive motions (e.g., summary judgment) | |
| Motions challenging admissibility of expert testimony | |
| Comparative fault identification | |
| Status conference | |
| Final pretrial conference | |
| Proposed pretrial order due | |
| Trial | |

**1. Alternative Dispute Resolution (ADR).**

a. By **January 29, 2010**, each of the parties shall submit independently, by way of e-mail or letter (preferably the former), addressed to the magistrate judge (but not the district judge), a confidential settlement report. These reports shall briefly set forth the parties' settlement efforts to date, current evaluations of the case, views concerning future settlement negotiations and the overall prospects for settlement, and a specific recommendation regarding mediation and/or any other ADR method, together with an indication concerning who has been selected by the parties (preferably jointly) to serve as a mediator or other neutral in an ADR process. These reports need not be served upon opposing parties and **shall not** be filed with the Clerk's Office.

b. Settlement may be enhanced by use of mediation (or other chosen ADR process). Counsel shall provide the name of an agreed-upon mediator (or other ADR neutral) to the court, and the scheduled date of the mediation (or other chosen ADR process), as part of the above-described confidential settlement reports; if the parties are unable to jointly agree upon a mediator (or other neutral), each shall suggest a mediator (or other neutral) and then the court will select a mediator (or other neutral). Absent further order of the court, the ADR process shall be held no later than **March 31, 2010**, before the mediator (or other neutral) chosen by the parties or selected by the court. An ADR report, on the form located on the court's Internet website, must be filed by defense counsel within five days of the scheduled ADR process (*http://www.ksd.uscourts.gov/attorney/adr/adrreport.pdf*).

**2. Discovery.**

a. The parties shall exchange by **January 22, 2010** the information required by Fed. R. Civ. P. 26(a)(1). The parties are reminded that, although Rule 26(a)(1) is keyed to disclosure of information that the disclosing party "may use to support its claims or defenses, unless solely for impeachment," the advisory committee notes to the 2000 amendments to that rule make it clear that this also requires a party to disclose information it may use to support its denial or rebuttal of the allegations, claim, or defense of another party. In addition to other sanctions that may be applicable, a party who without substantial justification fails to disclose information required by Fed. R. Civ. P. 26(a) or Fed. R. Civ. P. 26(e)(1) is not, unless such failure is harmless, permitted to use as evidence at trial, at a hearing, or on a motion any witness or information not so disclosed. *See* Fed. R. Civ. P. 37(c)(1).

b. All discovery regarding class certification shall be commenced or served in time to be completed by **July 16, 2010.** Expert discovery shall be completed by **August 6, 2010**.

c. The parties intend to serve disclosures and discovery electronically, as permitted by D. Kan. Rules 5.4.2 and 26.3.

d. Consistent with the parties' agreements as set forth in the planning conference report submitted pursuant to Fed. R. Civ. P. 26(f), electronically stored information (ESI) in this case will be handled as follows: Defendant has been served with discovery in the state court case, which will be responded to by February 8, 2010, and documents that are properly producible will be provided on a rolling basis thereafter, with the parties meeting and conferring about producing all or some of it electronically. Plaintiff has no such ESI. Subject to the

foregoing, the parties will review the data provided, and the parties shall thereafter discuss in good faith any additional electronic or paper data requests that plaintiff and defendant may have.

e. Consistent with the parties' agreements as set forth in their Rule 26(f) report, claims of privilege or of protection as trial-preparation material asserted after production will be handled as follows: The parties are negotiating the language for an order regarding claims of confidentiality and privilege or of protection as trial-preparation material asserted after production, as follows:

1) A confidentiality order filed by January 22, 2010 will address all of the issues in more detail.

2) Privilege logs will be provided within a reasonable time after responses to requests for production seeking production of such material are served.

f. No party shall serve more than **30** interrogatories, including all discrete subparts, to any other party.

g. There shall be no more than **10** depositions by plaintiff and **10** by defendant.

h. Each deposition shall be limited to **4** hours, except for the deposition(s) of expert witnesses which shall be limited to **6** hours. All depositions shall be governed by the written guidelines that are available on the court's Internet website,

*(http://www.ksd.uscourts.gov/guidelines/depoguidelines.pdf).*

i. Disclosures required by Fed. R. Civ. P. 26(a)(2), including reports from retained experts, shall be served by plaintiff by **May 28, 2010**, and by defendant by **July 16, 2010**. Disclosures and reports by any rebuttal experts shall be served by **August 6, 2010**. All expert

designations will include on CD or DVD all supporting documents and material relied on by the expert for his or her opinion. All expert designations will also provide three dates within the following three weeks when the expert can be deposed, with one date to be selected by opposing counsel. The parties shall serve any objections to such disclosures (other than objections pursuant to Fed. R. Evid. 702-705, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), or similar case law), within 11 days after service of the disclosures upon them. These objections should be confined to technical objections related to the sufficiency of the written expert disclosures (e.g., whether all of the information required by Rule 26(a)(2)(B) has been provided, such as lists of prior testimony and publications). These objections need not extend to the admissibility of the expert's proposed testimony. If such technical objections are served, counsel shall confer or make a reasonable effort to confer consistent with requirements of D. Kan. Rule 37.2 before filing any motion based on those objections. As noted below, any motion to compel discovery in compliance with D. Kan. Rules 7.1 and 37.2 must be filed and served within 30 days of the default or service of the response, answer, or objection which is the subject of the motion, unless the time for filing such a motion is extended for good cause shown; otherwise, the objection to the default, response, answer, or objection shall be deemed waived. *See* D. Kan. Rule 37.1(b).

j. Supplementations of disclosures under Fed. R. Civ. P. 26(e) shall be served at such times and under such circumstances as required by that rule. In addition, such supplemental disclosures shall be served **40 days** before the deadline for completion of all discovery. The supplemental disclosures served 40 days before the deadline for completion of all discovery must

identify the universe of all witnesses and exhibits that probably or even might be used at trial. The rationale for the mandatory supplemental disclosures 40 days before the discovery cutoff is to put opposing counsel in a realistic position to make strategic, tactical, and economic judgments about whether to take a particular deposition (or pursue follow-up "written" discovery) concerning a witness or exhibit disclosed by another party before the time allowed for discovery expires. Counsel should bear in mind that seldom should anything be included in the final Rule 26(a)(3) disclosures, which as explained below usually are filed 21 days before trial, that has not previously appeared in the initial Rule 26(a)(1) disclosures or a timely Rule 26(e) supplement thereto; otherwise, the witness or exhibit probably will be excluded at trial. *See* Fed. R. Civ. P. 37(c)(1).

k. At the final pretrial conference after the close of discovery, the court will set a deadline, usually 21 days prior to the trial date, for the parties to file their final disclosures pursuant to Fed. R. Civ. P. 26(a)(3)(A)(i), (ii) & (iii). As indicated above, if a witness or exhibit appears on a final Rule 26(a)(3) disclosure that has not previously been included in a Rule 26(a)(1) disclosure (or a timely supplement thereto), that witness or exhibit probably will be excluded at trial. *See* Fed. R. Civ. P. 37(c)(1).

l. Discovery in this case may be governed by a protective order. If the parties agree concerning the need for and scope and form of such a protective order, their counsel shall confer and then submit a jointly proposed protective order by **January 22, 2010**. Such jointly proposed protective orders should be drafted in compliance with the written guidelines that are available on the court's Internet website:

*(http://www.ksd.uscourts.gov/guidelines/protectiveorder.pdf).*

At a minimum, such proposed orders shall include, in the first paragraph, a concise but sufficiently specific recitation of the particular facts in this case that would provide the court with an adequate basis upon which to make the required finding of good cause pursuant to Fed. R. Civ. P. 26(c). If the parties disagree concerning the need for, and/or the scope or form of a protective order, the party or parties seeking such an order shall file an appropriate motion and supporting memorandum by **January 22, 2010**.

m. To avoid the filing of unnecessary motions, the court encourages the parties to utilize stipulations regarding discovery procedures. However, this does not apply to extensions of time that interfere with the deadlines to complete all discovery, for the briefing or hearing of a motion, or for trial. *See* Fed. R. Civ. P. 29; D. Kan. Rule 6.1(a). Nor does this apply to modifying the requirements of Fed. R. Civ. P. 26(a)(2) concerning experts' reports. *See* D. Kan. Rule 26.4(b).

**3. Motions.**

a. Plaintiff will file an amended complaint by **February 8, 2010.** Any motion for leave to join additional parties shall be filed by **March 5, 2010.** Any motion to otherwise amend the pleadings shall be filed by **May 28, 2010**.

b. Defendant may seek to dismiss or limit certain claims based upon insufficient pleading or fraudulent concealment. Such motion will depend upon language of the anticipated amended complaint and will be filed within **30 days** of the filing of the amended complaint.

c. Plaintiff shall file an opening brief regarding class certification (with all evidence

including expert reports) no later than **May 28, 2010.** Defendant's response brief (with all evidence including expert reports) shall be filed no later than **July 16, 2010.** Plaintiff's reply brief (with only rebuttal evidence or expert opinion) shall be filed by **August 6, 2010.** The parties request oral argument on the evidence submitted.

d. A deadline for filing motions to exclude testimony of expert witnesses pursuant to Fed. R. Evid. 702-705, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), or similar case law, shall be set at the pretrial conference to be scheduled at a later date.

e. Any motion to compel discovery in compliance with D. Kan. Rules 7.1 and 37.2 shall be filed and served within 30 days of the default or service of the response, answer, or objection which is the subject of the motion, unless the time for filing such a motion is extended for good cause shown. Otherwise, the objection to the default, response, answer, or objection shall be waived. *See* D. Kan. Rule 37.1(b).

**4. Other Matters.**

a. A supplemental scheduling conference will be set after resolution of plaintiff's motion for class certification.

b. The parties are not prepared to consent to trial by a U.S. Magistrate Judge at this time.

c. The arguments and authorities section of briefs or memoranda submitted shall not exceed 30 pages, absent an order of the court.

This scheduling order shall not be modified except by leave of court upon a showing of

good cause.

IT IS SO ORDERED.

Dated this 15th day of January, 2010, at Wichita, Kansas.

S/ Karen M. Humphreys

KAREN M. HUMPHREYS
U.S. Magistrate Judge