## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

ARKALON GRAZING ASSOCIATION,
on behalf of itself and all others similarly
situated,

       *Plaintiff*,

vs.

CHESAPEAKE OPERATING, INC.


       *Defendant*.

Case No. 09-1394-EFM

## MEMORANDUM AND ORDER

Plaintiff Arkalon Grazing Association owns a royalty interest in a natural gas well operated by Defendant Chesapeake Operating Inc. On behalf of itself and others similarly situated, Plaintiff alleges that Defendant underpaid royalty owners. The matter is now before the Court on Defendant's Motion to Dismiss Plaintiff's claim for equitable tolling (Doc. 20). For the following reasons, the Court denies Defendant's motion.

## I.  Factual and Procedural Background[1]

Plaintiff, on behalf of itself and all others similarly situated, filed this First Amended Class Action Complaint on March 8, 2010 against Defendant Chesapeake Operating, Inc. Plaintiff proposes a Class of "[a]ll royalty owners of Chesapeake Operating, Inc. (and its predecessors and

---

[1]For the purposes of this Order, the Court assumes the truth of these facts and considers them in the light most favorable to Plaintiff.

successors) from wells located in Kansas that have produced gas and/or gas constituents (such as residue gas or methane, natural gas liquids, helium, nitrogen or condensate) from January 1, 1998 to the present."

In the Complaint, Plaintiff alleges that Defendant improperly underpaid royalties to Plaintiff. Plaintiff asserts that Defendant underpays royalty owners because all payment formulas are exclusively in the control of lessees, and they involve undisclosed accounting and operational practices.   As a result, Plaintiff contends that there are many ways in which royalty owners are underpaid on their royalty interests and do not otherwise know it.

Specifically, Plaintiff contends that Defendant fails to pay royalty for all of the helium produced; fails to pay any royalty for condensate; fails to pay royalty for all of the natural gas liquids produced; Defendant's starting price for residue gas is too low and the volume paid and reflected on Plaintiffs' check stubs is less than what is produced from the wells because Defendant improperly deducts in-kind gas; Defendant's deductions of costs for placing gas in marketable conditions is improper; and Defendant fails to account and pay royalties on nitrogen and other products used or sold from Plaintiffs' wells.  Plaintiff also asserts that Defendant improperly deducts a conservation fee from royalty owners by combining this fee with the Kansas severance tax deduction and reporting it on check stubs as "production taxes."

Plaintiff entitles a section of the Complaint "Fraudulent Concealment, Lack of Discovery, Estoppel and Continuous Conduct."  Incorporating by reference the preceding 45 paragraphs of the Complaint, Plaintiff then alleges that Defendant represented to Plaintiff and the class members on their check stubs that a proper accounting had been made, but through a series of common omissions and misrepresentations, Plaintiff and class did not receive a proper accounting.  Plaintiff asserts that

Defendant carried out its internal practices without disclosing that Defendant was underpaying less than the full and appropriate royalty owner payments. Because of Defendant's misrepresentations, omissions, and general scheme to conceal its underpayments, Plaintiff contends that it and the class could not have become aware that such schemes were in existence. As such, Plaintiff asserts that the class is entitled to toll the applicable statutes of limitations based upon the doctrines of fraudulent concealment, discovery rule, continuing conduct, and estoppel.

Plaintiff alleges three specific counts: (1) breach of lease; (2) unjust enrichment; and (3) accounting. These cause of actions have a statute of limitations, respectively, of: five years; three years, and two years.

Defendant filed a motion to dismiss seeking limitation of Plaintiff's claims to their respective statute of limitations. Although Defendant's motion is entitled a motion to dismiss Plaintiff's claim for equitable tolling, Defendant first argues that Plaintiff's claim for fraudulent concealment should be dismissed because Plaintiff did not allege it with the particularity required by Rule 9(b). In addition, Defendant asserts that Plaintiff's equitable tolling argument should be rejected because Plaintiff's allegations are conclusory. Finally, Defendant contends that Plaintiff fails to adequately plead the doctrines of continuous conduct or "lack of discovery."

## II. Standard of Review

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"[2] "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be

---

[2] *Ashcroft v. Iqbal*, - - - U.S. - - -, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

granted."[3]  In determining whether a claim is facially plausible, the court must draw on its judicial experience and common sense.[4]  All well pleaded facts in the complaint are assumed to be true and are viewed in the light most favorable to the plaintiff.[5]  Allegations that merely state legal conclusions, however, need not be accepted as true.[6]

## III. Analysis

Plaintiff originally filed its Complaint in state court on November 5, 2009.  Defendant removed the case, and Plaintiff filed an Amended Complaint on March 8, 2010.  Plaintiff alleges three specific causes of action, and each of Plaintiff's claims is subject to a different statute of limitations, ranging from two to five years.  However, Plaintiff's proposed class seeks to encompass all royalty owners from wells located in Kansas that have produced gas or gas constituents from January 1, 1998 to present.

Defendant does not seek dismissal of Plaintiff's three claims, but rather seeks to dismiss allegations relating to fraudulent concealment, equitable tolling, continuous conduct, and lack of discovery.  In essence, Defendant seeks to limit Plaintiff's claims to their respective statutes of limitations.  Defendant argues that Plaintiff fails to meet the particularity requirement of Fed. R. Civ. P. 9(b) in alleging fraudulent concealment and that Plaintiff does not assert any other factual basis to support its argument that the applicable statute of limitations should otherwise be equitably tolled. Fed. R. Civ. P. 9(b) requires allegations of fraud to be set forth with particularity.  Likewise, the heightened standard for pleading fraud under Rule 9(b) also applies to claims of fraudulent

---

[3]*Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003).

[4]*Iqbal*, 129 S.Ct. at 1950.

[5]*See Zinermon v. Burch*, 494 U.S. 113, 118 (1990); *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984).

[6]*See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

concealment for purposes of tolling limitations periods.[7]  A heightened pleading standard, however, is not required for claims of equitable estoppel.

Plaintiff asserts that to the extent it undertakes to prove actual fraud, the pleading is sufficient under Rule 9(b) because it sets forth the circumstances constituting fraud.  Relying on the Complaint, Plaintiff asserts that it set forth that Defendant Chesapeake made the misstatements or omissions on the check itself; these misstatements or omissions were made on the monthly royalty checks; and Chesapeake improperly disclosed how certain element amounts were paid and improperly deducted the conservation fee as a tax.  In addition, Plaintiff contends that the heightened pleading standards of Rule 9(b) do not apply to its theory of equitable estoppel, and the Complaint is sufficient in alleging the underlying factual basis for its equitable estoppel theory.

Taking Plaintiff's allegations in the Complaint as true at this stage, the Court finds that Plaintiff adequately pled the circumstances surrounding its theory of tolling by concealment.  In addition, because the underlying fact allegations sufficiently allege fraudulent concealment, they also suffice with respect to Plaintiff's theory of equitable estoppel.  To be clear, the Court does not find that Defendant engaged in fraudulent conduct or that Defendant is equitably estopped from raising a statute of limitations defense, but only that Plaintiff has sufficiently alleged the facts at this stage.

---

[7]*In re Urethane Antitrust Litig.*, 409 F. Supp. 2d 1275, 1284 (D. Kan. 2006).

**IT IS ACCORDINGLY ORDERED** that Defendant's Motion to Dismiss Plaintiff's claims for equitable tolling (Doc. 20) is hereby **DENIED**.

**IT IS SO ORDERED**.

Dated this 4th day of November, 2010.

*Eric F. Melgren*

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE