# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

ARKALON GRAZING ASSOCIATION,  )
on behalf of itself and all others similarly  )
situated,  )
                                                  )
               Plaintiff,  )
                                                  )
v.  )        Case No. 09-1394-EFM
                                                  )
CHESAPEAKE OPERATING, INC.,  )
                                                  )
              Defendant,  )
                                                  )

## MEMORANDUM AND ORDER

This matter is before the court on defendant's motion for a protective order concerning plaintiff's Rule 30(b)(6) deposition notice. For the reasons set forth below, the motion shall be GRANTED IN PART.

## Background

Plaintiff and the class it seeks to represent are royalty owners of gas wells operated in Kansas by defendant. Highly summarized, plaintiff alleges that defendant failed to (1) pay royalties due plaintiff and proposed class members and (2) provide a proper accounting. For example, plaintiff contends that defendant failed to properly pay for all constituent parts of the gas stream and wrongfully deducted certain taxes and fees from plaintiff's royalty payments.

**Motion for Protective Order**

Plaintiff served a Rule 30(b)(6) deposition notice requesting that defendant produce (1) a deposition witness capable of providing testimony concerning five major topics and (2) various documents related to the listed topics. Defendant moved for a protective order, arguing that plaintiff seeks information protected by the attorney-client privilege and that the deposition "will be completely unproductive and an undue expense." Defendant's assertion of the attorney-client privilege appears limited to Topics 1 and 2. Because defendant has not asserted grounds for a protective order concerning Topics 3, 4, and 5, plaintiff may proceed with a Rule 30(b)(6) deposition concerning those three topics.[1] The parties' arguments concerning Topics 1 and 2 and the attorney-client privilege are discussed in greater detail below.

Topic 1 requests testimony explaining the date and time of any meeting, communication, or discussion of six listed subtopics. Topic 2 is closely related and requests testimony explaining what was discussed, considered, or done on each occasion mentioned in Topic 1. As noted above, defendant objects to providing testimony concerning the six subtopics, arguing that its internal discussions, communications, or meetings concerning the six subtopics are protected by the attorney-client privilege and that the deposition, in its

---

[1] Topic 3 requests information concerning the location where raw gas sold by defendant is processed. Topic 4 seeks testimony concerning certain documents. Topic 5 requests testimony and documents related to the sale of gas products obtained from defendant's operations. The ruling allowing plaintiff to proceed on Topics 3, 4, and 5 is without prejudice to objections defendant may have to specific questions during the deposition.

present form would be unproductive and an undue burden.

The court agrees that the substance of the "discussions, communications, or meetings" concerning the six subtopics is protected by the attorney-client privilege. For example, subtopics 1(b) and (f) request testimony and documents regarding defendant's possible responses or concerns related to rulings in (1) three named cases and (2) any other royalty owner lawsuits. The affidavit of defendant's general counsel establishes that the analyses of court rulings are conducted by defendant's attorneys and communications concerning those rulings within Chesapeake would be privileged. Similarly, subtopic 1(c) seeks information concerning the language utilized in defendant's "royalty reporting form." The language of the royalty reporting form and check remittance was developed by defendant's in-house counsel and any "discussions or meetings" would involve attorney-client protected information. Finally, subtopics 1(a), (d), and (e) request information concerning discussions related to "possible changes" and "whether additional information should be disclosed to royalty owners." Defendant's affidavit persuades the court that discussions concerning "possible changes" in information provided to royalty owners also involves protected-attorney client communications.

Plaintiff argues that the "date and time" of any discussions or meeting would not be protected by the attorney-client privilege because the "date and time" of such meetings is not a "communication" protected by the attorney-client privilege; therefore, defendant should provide a witness to testify concerning Topic 1. The court agrees that the "date and time" of any such meeting is not a "communication" protected by the attorney-client privilege.

However, plaintiff offers no explanation why "date and time" information of attorney-client privileged communications is relevant to the issues in this case. The burden and expense of the proposed discovery of "date and time" information outweigh its likely benefit, considering the needs of the case under Fed. R. Civ. P. 26(b)(c)(iii). Accordingly, the court denies the request for discovery of "date and time" information requested by Topic 1.

**IT IS THEREFORE ORDERED** that defendant's motion for a protective order (Doc. 54) is **GRANTED IN PART**, consistent with the rulings set forth herein. Defendant's request for an order quashing plaintiff's deposition notice, in its present form, is **GRANTED.**

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 14th day of December 2010.

S/ Karen M. Humphreys
_____
KAREN M. HUMPHREYS
United States Magistrate Judge