IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**ARKALON GRAZING ASSOCIATION,** )
)
)
**Plaintiff,** )
)
v. )
) Case No. 09-cv-1394
)
**CHESAPEAKE OPERATING, INC.,** )
)
**Defendant.** )
)

## MEMORANDUM AND ORDER

This matter is before the court on Plaintiff's Motion for Class Certification and to Appoint Plaintiff's Counsel as Counsel for the Class (Doc. 42). For the following reasons, the court grants plaintiff's motion.

### I. Factual Background

Plaintiff brings putative class action claims against defendant Chesapeake Operating, Inc. for underpayment or nonpayment of royalties on natural gas and/or constituents of the gas stream produced from wells in Kansas. Plaintiff claims it, and the putative class members, are the beneficiaries of an implied covenant obligating defendant to place the gas, and all of its constituent parts, in marketable condition.[1] Plaintiff brings three claims: (1) breach of lease; (2) unjust

---

[1] Plaintiff also claims they (1) have been charged improper deductions (in cash or in kind) for placing the gas and its constituent parts into marketable condition; (2) received a starting price that was below what defendant (including its affiliates) received in arm's-length sales transactions; (3) did not receive payment at all for some gas constituents such as condensate, nitrogen, and helium; (4) had their royalty interests calculated solely according to the internal accounting, royalty payment formulas, and record-keeping operations of defendant, which are not known to the members of the Class; and (5) were paid

enrichment; and (3) accounting. Plaintiff seeks monetary and compensatory damages; an accounting of underpayments, non-payments, and wrongful deductions; a permanent injunction against defendant; and attorney's fees and costs.

## II. Legal Standard

Before certifying a class the court must be satisfied that the party seeking class certification has met the requirements of Federal Rule of Civil Procedure 23. In doing so, plaintiff, as the party seeking class certification, must first demonstrate the following:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). Once plaintiff meets these requirements, plaintiff must show that the proposed class action satisfies one of the requirements of Rule 23(b). Here, plaintiff argues that it meets Rule 23(b)(3), which requires that "the questions of law or fact common to class members predominate over any questions affecting only individual members" and that a class action is the superior method for fairly and efficiently adjudicating the matter. Fed. R. Civ. P. 23(b)(3).

The court has broad discretion to certify a class, *Shook v. El Paso County*, 386 F.3d 963, 968 (10th Cir. 2004), and should err on the side of certification because it may subsequently redefine or decertify the class if necessary. *Sibley v. Sprint Nextel Corp.*, 254 F.R.D. 662, 670 (D. Kan. 2008); Fed. R. Civ. P. 23(c)(1)(C).

## III. Discussion

### a. Class Definition

---

based on representations made by defendant on the check stub forms, which were misleading and fraudulently concealed the true facts by both omission and commission.

The class definition is critical and must be "precise, objective, and presently ascertainable." *Id*. Plaintiff seeks to certify the following class:[2]

> All royalty owners of Chesapeake Operating, Inc. (and its predecessors and successors) from Kansas wells where royalties have been *paid* by Chesapeake that have produced gas and/or gas constituents (such as residue gas or methane, natural gas liquids, helium, nitrogen, or condensate) from January 1, 1998 to the present.
>
> Excluded from the Class are: (1) The Mineral Management Service (Indian tribes and the United States), (2) Defendant, its affiliates, predecessors, and employees, officers and directors, (3) those few royalty owners that settled in Roberts v. Chesapeake, Case No. 04-1233-WEB in the United States District Court for the District of Kansas, and (4) Any NYSE or NASDAQ listed company (and its subsidiaries) engaged in oil and gas exploration, gathering, processing, or marketing.

Defendant objects to the proposed class, arguing that class treatment is inappropriate under Rule 23, but defendant does not object to the class definition as being imprecise or unascertainable. The court finds that plaintiff's class definition is sufficiently defined and allows potential members to be identified.

### b. Rule 23(a)[3]

#### 1. Commonality

Rule 23(a)(2) requires plaintiff to show that there are questions of law or fact common to the class. Fed. R. Civ. P. 23(a)(2). This inquiry requires the court to determine whether common questions of law or fact exist; it does not require the court to determine whether they predominate, as Rule 23(b)(3) requires. *See Freebird, Inc. v. Merit Energy Co.*, No. 10-1154, 2011 WL 13638, at *3 (D. Kan. Jan. 4, 2011) (citing *Olenhouse v. Commodity Credit Corp.*, 136 F.R.D. 672, 679 (D. Kan. 1991)). "A finding of commonality requires only a single question of law or fact common to the entire class." *DG ex rel. Stricklin v. Devaughn*, 594 F.3d 1188, 1194 (10th Cir. 2010).

---

[2] Plaintiff revised its proposed class definition in its reply brief. (Doc. 82, at 3.)
[3] Defendant does not challenge the numerosity requirement of Rule 23(a)(1).

Plaintiff identifies fourteen common issues of fact or law, including (1) whether plaintiff and the putative class members are the beneficiaries of an implied covenant obligating defendant to place the gas, and its constituents, into marketable condition; (2) whether defendant is solely responsible for the costs to render the gas commercially marketable; (3) whether the check stubs defendant used when paying the royalties were legally adequate; (4) whether Kansas law imposes a conservation fee on plaintiff and the putative class members; and (5) whether Kansas law imposes a severance tax on helium. (Doc. 43, at 7.) Defendant argues that these issues are not common to the class because it does not calculate royalties in the same manner on every well. Defendant refers to the differences in the leases, arguing each lease is unique and must be construed independently based on the specific language in the lease.

Here, the main legal issues are common to plaintiff and each putative class member—plaintiff alleges that each lease is covered by the implied covenant and that defendant breached the covenant by not covering the cost to get the gas into marketable condition. Determining damages will require individual calculation, but this is insufficient to prevent a finding of commonality. *Sibley*, 254 F.R.D. at 673 ("While determining damages will require individual calculations, this does not preclude a finding of commonality."). Based on the record presented, the court finds plaintiff has satisfied Rule 23(a)(2).

### 2. Typically

Rule 23(a)(3) requires plaintiff to show that its claims or defenses are "typical of the claims or defenses of the class." Typicality does not require that the interests and claims of the representative plaintiff and class members be identical. *Stricklin*, 594 F.3d at 1199. As long as the claims of the representative and class members are based on the same legal or remedial theory, differing fact

situations of class members do not defeat typicality. *Id.* at 1198−99 (citing *Adamson v. Bowen*, 855 F.2d 668, 676 (10th Cir. 1988)).

Plaintiff argues that typicality is met because all royalty owners are treated the same and that the same methodology was used for all members of the putative class. Defendant relies on the same arguments it raised with respect to commonality−namely, the individual leases are all different and require different royalty calculations. Defendant also argues that how the gas is marketed affects the royalty calculation.

After reviewing the record presented, the court finds that plaintiff's claims are typical of the putative class members' claims. The claims of plaintiff and the putative class members are based on the same legal and remedial theories and arise from the same pattern of conduct by defendant: all of them allegedly suffered injury because defendant charged them for the costs associated with getting the gas into marketable condition. These issues underlie the class claims. The differences defendant relies upon appear to be related to the damage calculation.

The court finds that plaintiff's claims are typical of the claims of the class that it seeks to represent. Plaintiff has satisfied the typicality requirement of Rule 23(a)(3).

### 3. Adequacy of Representation

Rule 23(a)(4) requires plaintiff to show that it "will fairly and adequately protect the interests of the class." To meet this requirement, the representative plaintiff must be a member of the class it seeks to represent and show that (1) neither plaintiff nor its counsel has interests that conflict with the interests of other class members and (2) plaintiff will prosecute the action vigorously through qualified counsel. *Tex. Motor Freight Sys., Inc., v. Rodriguez,* 431 U.S. 395, 403 (1977); *Rutter & Wilbanks Corp. v. Shell Oil Co.*, 314 F .3d 1180, 1187−88 (10th Cir. 2002). Minor conflicts will not defeat class certification; a conflict must be fundamental and go to specific issues in controversy. *Eatinger v. BP*

*Am. Prod. Co.*, 271 F.R.D. 253, 260 (D. Kan. 2010) (citing *Valley Drug Co. v. Geneva Pharm., Inc.*, 350 F.3d 1181, 1189 (11th Cir. 2003)). A fundamental conflict exists where some class members claim to have been harmed by conduct that benefitted other class members. *See id.* In such situations, the named representative's interests are actually or potentially antagonistic to or in conflict with the interests and objectives of other class members. *See id.*

Defendant argues that plaintiff has a conflict with the putative class members because the requested relief may cause the operator to stop operating some class members' wells. This argument, however, is speculative, and "[s]peculative conflicts do not negate adequacy of representation under Rule 23(a)(4)." *In re Motor Fuel Temperature Sales Practices Litig.*, 271 F.R.D. 221, 233 n.21 (D. Kan. 2010) (citing *Allen v. Holiday Universal*, 249 F.R.D. 166, 181 (E.D. Pa. 2008)).

Defendant also argues that plaintiff is an inadequate class representative because he cannot represent the class should a conflict arise with the proposed class counsel, asserting that plaintiff relies too heavily on class counsel. Rule 23 does not require class representatives to possess detailed knowledge of the lawsuit or to be totally knowledgeable of all of the facts concerning the claims in issue. *In re Aluminum Phosphide Antitrust Litig.*, 160 F.R.D. 609, 614 (D. Kan. 1995). The record supports plaintiff's claims that he will vigorously represent the class.

### c. Rule 23(b)

Plaintiff contends that its case falls under Rule 23(b)(3), which provides that "the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Matters pertinent to predominance and superiority include the following:

> (A) the class members' interests in individually controlling the prosecution or defense of separate actions;

> (B) the extent and nature of any litigation concerning the controversy already begun by or against class members;
> (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
> (D) the likely difficulties in managing a class action.

Fed. R. Civ. P. 23(b)(3).

### 1. *Predominance*

Plaintiff argues that the common issues of law and fact predominate because "[a]ll of the class members are treated the same as to royalty calculations"; "the royalties are calculated and paid using formulas that are either right or wrong for the same reasons." (Doc. 43, at 23.) Plaintiff further contends that no issue requires the individual testimony of each royalty owner and that the evidence to establish liability will come from defendant and from the parties' experts. (*Id*. at 33.) Defendant argues that it does not treat each putative class member equally because each class member is governed by a different lease.

Predominance is met when, as here, "there is a common nucleus of operative facts relevant to the dispute and those common questions represent a significant aspect of the case which can be resolved for all members of the class in a single adjudication." *Eatinger*, 271 F.R.D. at 261. In this case, the significant issues relate to defendant's payment and non-payment of royalties and the methods used in calculating the royalties. The legal and factual issues related to the royalty payments are common to plaintiff and the putative class members. For these reasons, the court finds that the plaintiff has met the predominance requirement of 23(b)(3).

### 2. *Superiority*

Plaintiff contends that a class action is the superior method to handle these claims for two reasons. First, a class action addressing these issues once is preferable to thousands of individual classes raising the same issues. Second, the small size of each individual class member's claim makes

it likely that the class members will not adjudicate their claims absent a class action. Defendant does not address superiority. Here, handling each case individually would create duplicative litigation and would deter some putative class members from asserting their claims. Based on the record presented, the court finds that plaintiff has also met the superiority requirement of 23(b)(3).

The parties do not squarely address the four factors laid out in Rule 23(b)(3), but none of them discourage the court from certifying the proposed class.

### IV. Appointment of Class Counsel

Rule 23(g) requires that "a court that certifies a class must appoint class counsel." Fed. R. Civ. P. 23(g). When appointing counsel, the court must consider counsel's (1) work in identifying or investigating potential claims, (2) experience in handling class actions or other complex litigation, (3) knowledge of the applicable law, and (4) resources. Fed. R. Civ. P. 23(g)(1)(A).

Plaintiff requests that its present counsel, the law firm of Gunderson Sharp & Walke, LLP ("Gunderson Sharp"), be appointed as lead counsel for the class with Brooks & Osborn serving as co-counsel for the class. Gunderson Sharp has taken the lead in representing plaintiff from the beginning and has been assisted, from the beginning, by Brooks & Osborn. Together the law firms have filed all motions and briefs on behalf of plaintiff and the putative class. These law firms also attended the mediation session as counsel for plaintiff.

Gunderson Sharp has participated in numerous class actions and was recently appointed as co-lead counsel in an oil and gas class action. Based on the record, the court is satisfied that Gunderson Sharp meets the criteria of Rule 23(g) and will adequately represent the interests of the class as counsel. The court is further satisfied that Brooks & Osborne also meets Rule 23(g)'s requirements and will adequately represent the class as co-counsel. Thus, Gunderson Sharp is appointed as lead counsel for this action and Brook & Osborne is appointed as co-counsel for the class.

### V. Notice for Putative Class Members

When a court certifies a class under Rule 23(b)(3), it "must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B). The majority, if not all, of the class members should be able to be identified through reasonable efforts. Because defendant possesses the names and contact information for those royalty owners associated with its wells located in Kansas, it is directed to provide plaintiff's counsel with the names, addresses, and if possible, telephone numbers for all royalty owners falling within the defined class on or before May 2, 2011.

On or before May 9, 2011, plaintiff shall prepare and provide to the court for approval an order regarding notice that complies with the requirements of Rule 23(c) of the Federal Rules of Civil Procedure.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Class Certification and to Appoint Plaintiff's Counsel as Counsel for the Class (Doc. 42) is granted.

**IT IS FURTHER ORDERED** that Gunderson Sharp is appointed as lead counsel for this action and Brook & Osborne is appointed as co-counsel for the class.

**IT IS FURTHER ORDERED** that defendant is directed to provide plaintiff's counsel with the names, addresses, and if possible, telephone numbers for all royalty owners falling within the defined class on or before May 2, 2011.

**IT IS FURTHER ORDERED** that, on or before May 9, 2011, plaintiff shall prepare and provide to the court for approval an order regarding notice that complies with the requirements of Rule 23(c) of the Federal Rules of Civil Procedure.

Dated this 31st day of March 2011, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**