# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

ARKALON GRAZING ASSOCIATION,  )
on behalf of itself and all others similarly )
situated, )
 )
          Plaintiff, )
 )
v. )    Case No. 09-1394-CM
 )
CHESAPEAKE OPERATING, INC., )
 )
          Defendant, )
 )
 )

## MEMORANDUM AND ORDER

This matter is before the court on plaintiff's motion (Doc. 84) to "clarify, reconsider, alter or amend, grant relief from, or stay" this court's order (Doc. 79) partially granting defendant's motion for a protective order concerning plaintiff's Rule 30(b)(6) deposition notice. For the reasons set forth below, the motion shall be DENIED.

Plaintiff served a Rule 30(b)(6) deposition notice requesting that defendant produce (1) a deposition witness capable of providing testimony concerning five major topics and (2) various documents related to the listed topics. Defendant moved for a protective order, arguing that plaintiff sought information protected by the attorney-client privilege and that the deposition "will be completely unproductive and an undue expense." Because defendant's objections and arguments were limited to Topics 1 and 2, the court allowed

plaintiff to proceed with discovery concerning Topics 3, 4, and 5. However, with respect to Topics 1 and 2, the court granted defendant's request for a protective order and quashed the deposition notice concerning Topics 1 and 2. (<u>Memorandum and Order</u>, Doc. 79, filed December 14, 2010).

The motion before the court is a multi-faceted request for clarification/reconsideration/stay concerning the court's earlier order. For example, plaintiff asserts that deposition Topics 1 and 2 were originally pursued in the context of class certification discovery and plaintiff subsequently concluded that the information was unnecessary for class certification.[1] Plaintiff now requests an order clarifying that the discovery ruling was without prejudice to subsequent discovery requests concerning the "merits" of the case.[2] Similarly, plaintiff asks that the court clarify that the discovery ruling applied only to the deposition that was noticed and not to other forms of discovery. Defendant counters that the attorney-client privilege raised during the class certification discovery would be equally applicable to discovery related to the merits of the case.

The problem with plaintiff's motion is that while it seeks "reconsideration" it submits no suggestion of the grounds for reconsideration, such as (1) an intervening change in controlling law, (2) the availability of new evidence, or (3) the need to correct clear error or

---

[1] The initial scheduling order provided that discovery would be conducted in "phases." The "first phase" related to class certification.

[2] Class certification was approved on March 31, 2011. <u>Memorandum and Order</u>, Doc. 95.

prevent manifest injustice. D. Kan. Rule 7.3(b)(grounds for a motion to reconsider).[3] Accordingly, plaintiff's request for "reconsideration" is rejected.

Plaintiff's related request for "clarification" suffers from similar deficiencies. For example, plaintiff cites no authority for requesting a "clarification." At best, plaintiff explains that it concluded that the disputed discovery material was not needed for class certification and merely filed this motion to preserve the issue for "discovery on the merits." However, the court is not persuaded that "clarification" is necessary. Defendant challenged the provisions of a specific Rule 30(b)(6) deposition notice and the court quashed parts of that notice. There is no need for further clarification.

Plaintiff also argues that the court should clarify whether alternative forms of discovery seeking similar information are prohibited. The difficulty with this argument is that plaintiff's request for clarification is based on discovery that is not defined and apparently has not even been served. The court will not "clarify" an earlier ruling based on vague hypothetical discovery requests.[4] The court ruled on the discovery request which was

---

[3] Plaintiff cited the applicable standards set forth in Rule 7.3(b) but did not identify any circumstances satisfying those standards.

[4] The court's prior ruling related to communications and legal analysis involving in-house general counsel. Discovery in this context may turn on subtle nuances that have not been adequately addressed by plaintiff.

before it (a deposition notice with multiple subparts), nothing more and nothing less.[5]

Finally, plaintiff asks that the court stay its ruling. The reasons asserted for a "stay" are not clear. Moreover, Judge Murguia has now granted plaintiff's motion for class certification. (Doc. 95). Under the circumstances, the request to "stay" the court's discovery ruling is rejected.

**IT IS THEREFORE ORDERED** that plaintiff's motion **(Doc. 84)** is **DENIED.**

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 6th day of May 2011.

S/ Karen M. Humphreys
_____
KAREN M. HUMPHREYS
United States Magistrate Judge

---

[5] As a practical matter, plaintiff has secured "some" clarification. Specifically, the court's prior ruling was limited to Topics 1 and 2 in plaintiff's Rule 30(b)(6) deposition notice. The ruling was in the context of class certification discovery and did not address any alternative forms of discovery.