IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **ARKALON GRAZING ASSOCIATION,** ) <br> **on behalf of itself and all others similarly** ) <br>  **situated,** ) <br> ) <br> **Plaintiff,** ) <br> ) <br> v. ) <br> ) <br> **CHESAPEAKE OPERATING, INC.,** ) <br> ) <br> **Defendant.** ) <br> ) | Case No. 09-1394-CM-KMH |

### MEMORANDUM AND ORDER

Plaintiff Arkalon Grazing Association brings class action claims against defendant Chesapeake Operating, Inc. for underpayment or nonpayment of royalties on natural gas and/or constituents of the gas stream produced from wells in Kansas.  Currently before the court is Plaintiff's Submission of Proposed Class Notice to the Court and Motion for Approval of Proposed Class Notice and its Mailing (Doc. 97), which was filed on May 9, 2011.  Although plaintiff and defendant conferred about the content and form of the notice, defendant objects to plaintiff's motion because (1) the order certifying the class failed to define the "claims, issues, or defenses" as required by Federal Rule of Civil Procedure 23(c)(1)(B), which failure is the subject of defendant's appeal to the Tenth Circuit,[1] and (2) notifying class members of the class action is premature until defendant's appeal is resolved.  The Tenth Circuit denied defendant's petition on July 11, 2011, which renders defendant's objections moot.

The court reviewed the proposed notice, which is similar to notices used in other royalty owner class action litigation in this district.  *See* Notice of Pendency of Class Action, *Eatinger v. BP*, No. 07-1266-EFM-KMH (D. Kan. Dec. 10, 2010) (Doc. 171-1); Notice of Pendency of Class Action,

---

[1] Tenth Circuit Appeal No. 11-600.

-1-

*Freebird v. Merit Energy, Inc.*, No. 10-1154-KHV-JPO (D. Kan. Jan. 28, 2011) (Doc. 34-1). The court also reviewed the proposed method of notice. Specifically, the proposed method of notice requires plaintiff's class counsel to mail the notice to the 2,246 individuals listed in the Excel spreadsheet defendant provided to plaintiff after the Notice Administrator compares the addresses to the United States National Change of Address database. For any notice returned as undeliverable, plaintiff will engage the services of a private investigator to attempt to locate the current mailing addresses for those individuals. This court determines that the form and the content of the proposed notice and the proposed methods of providing notice constitute the best notice practicable under the circumstances and satisfy Federal Rule of Civil Procedure 23(c)(2)(B). Accordingly, the court grants plaintiff's motion (Doc. 97).[2]

      **IT IS THEREFORE ORDERED** that Plaintiff's Submission of Proposed Class Notice to the Court and Motion for Approval of Proposed Class Notice and its Mailing (Doc. 97) is granted. The court directs plaintiff's counsel to mail copies of the Notice of Pendency of Class Action set forth in Appendix A to each potential member of the class in accordance with the procedure outlined above. The court further directs plaintiff to maintain a copy of all exclusion requests, provide a copy to defense counsel, and file and serve a list of all individuals requesting exclusion from the class on or before December 1, 2011.

      Dated at this 2nd day of September, 2011, at Kansas City, Kansas.

                                     s/ Carlos Murguia
                                       **CARLOS MURGUIA**
                                       United States District Judge

---

[2] The court made minor typographical changes to the proposed notice and modified the suggested dates.