IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **ARKALON GRAZING ASSOCIATION,** )<br>)<br>)<br>           **Plaintiff,**           )<br>)<br>v.                                                 )<br>                                                 )       Case No. 09-1394-CM-KMH<br>)<br>**CHESAPEAKE OPERATING, INC.,**      )<br>)<br>           **Defendant.**           )<br>_____ ) | |

## MEMORANDUM AND ORDER

This matter is before the court on Defendant's Motion for Leave to Amend Summary Judgment Motion to Eliminate Need for Further Discovery (Doc. 130). For the following reasons, the court grants defendant's motion, and directs defendant to file a new motion for summary judgment along with its memorandum in support.

I.     **Factual and Procedural Background**

Plaintiff Arkalon Grazing Association brings class action claims against defendant Chesapeake Operating, Inc. for underpayment or nonpayment of royalties on natural gas and/or constituents of the gas stream produced from wells in Kansas.

Defendant filed its original motion for partial summary judgment in December of 2011. (Doc. 111.) After receiving one unopposed 30-day extension of time to respond, plaintiff moved the court for a 90-day extension (Doc. 125). Plaintiff represented that it needed additional time in order to complete discovery from multiple third parties before it could prepare a response to the motion for partial summary judgment. Based on the representations in plaintiff's motion and without awaiting a

response, the court granted the request for a 90-day extension.  Defendant subsequently filed an opposition to the motion for extension of time, suggesting to the court that additional facts from third parties were not necessary for resolution of the pending motion, and suggesting that the motion was asserted "simply to lengthen the litigation and not to resolve the claims."  (Doc. 128 at 2.)

Defendant then filed its motion for leave to amend its summary judgment motion, making clear that the amendments narrow the issues presented in the motion so that its resolution need not await third-party discovery.  Defendant requests that the court, based on the proposed amendments, reconsider its prior order granting plaintiff additional time to respond to the motion.  Defendant asks instead that the court allow plaintiff thirty (30) days to respond.

In response, plaintiff does not oppose defendant's motion to amend its summary judgment motion.  It argues, however, that defendant's request to shorten the response time previously granted is "procedurally defective."  Plaintiff asks the court to "deny the motion as an improper motion to reconsider the Rule 56(d) order, and to leave in place the current discovery and response date to defendant's partial summary judgment (in whatever form it is amended to)."  (Doc. 132 at 3 (citations to record omitted).)

## II.     Discussion

Because the motion to amend is unopposed, the court grants it.  Defendant may file an amended motion for partial summary judgment—along with its proposed memorandum in support—within ten (10) days from the date of this order.  The court will then deny as moot defendant's original motion for summary judgment.

Defendant has not, as plaintiff suggests, improperly requested that the court "shorten [plaintiff's] response time."  Procedurally, a new dispositive motion will be in effect and the court's orders relating to the prior motion and response will be irrelevant.  Absent an extension of time from

.

the court, plaintiff's response to the motion would be due within the time frame set out in local rule 6.1(d). In fact, defendant requests that the court allow plaintiff 30 days, rather than 21, in order to respond.

And the court will not, on the briefing before it, grant plaintiff additional time for the discovery it previously requested. This action involves a class of persons who have royalty interests in gas wells operated by defendant, and who seek, among other things, additional royalties on the basis of an implied covenant requiring defendant to place the gas and its constituent parts in "marketable condition." Defendant argues that Kansas law does not recognize such an implied covenant. It is defendant's position that the royalty obligation is fixed at the delivery point—where title passes to the purchaser—and that what the purchaser does with the gas stream, *i.e.*, enhancing it, after it buys the gas at this delivery point and title passes, does not alter the royalty obligation defendant owes plaintiffs. Defendant convincingly argues that this question can be resolved as a matter of law on facts that are undisputed, without resort to additional discovery. And plaintiff fails to establish the legal significance of the allegedly disputed points of fact, for example, the exact number of feet from the wellhead where the point of sale occurs. Defendant clearly sets out how its proposed changes will permit plaintiff to fully and completely respond to the motion without needing to engage in additional and costly discovery from third parties. Moreover, defendant represents that the parties agreed, at their last discovery conference with United States Magistrate Judge Karen Humphreys, that the central question in the case was a legal one. Like defendant, this court is interested in securing a speedy, just, and inexpensive determination of this action. Fed. R. Civ. P. R. 1. Plaintiff's response to the motion will be due on or before thirty (30) days from the date the motion is filed.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Leave to Amend Summary Judgment Motion to Eliminate Need for Further Discovery (Doc. 130) is granted. Defendant shall file

an amended motion for partial summary judgment and its proposed memorandum in support within ten (10) days from the date of this order.

**IT IS FURTHER ORDERED** that, plaintiff's response to the motion will be due on or before thirty (30) days from the date that defendant's motion is filed.

Dated this 8th day of March 2012, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**
