**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **ARKALON GRAZING ASSOCIATION,** | ) | |
| **on behalf of itself and all others similarly** | ) | |
| **situated,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 09-1394-CM** |
| | ) | |
| **CHESAPEAKE OPERATING, INC.,** | ) | |
| | ) | |
| **Defendant,** | ) | |
| | ) | |
| | ) | |

**MEMORANDUM AND ORDER**

This matter is before the court on defendant's motion to compel interrogatory answers (Doc. 140) and plaintiff's motion to quash a Rule 30(b)(6) deposition (Doc. 150).  For the reasons set forth below, defendant's motion to compel shall be DENIED and plaintiff's motion to quash shall be GRANTED.

**Defendant's Motion to Compel (Doc. 140)**

Defendant moves to compel, arguing that plaintiff failed to provide "substantive" answers to Interrogatory Nos. 3-11 and 16.  Plaintiff opposes the motion, arguing that it fully answered Interrogatory Nos. 3-10 and properly objected to Interrogatory Nos. 11 and 16. The interrogatories are discussed in greater detail below.

**Interrogatory Nos. 3-10**

Interrogatory Nos. 3-10 ask plaintiff to identify individual wells of class members and the witnesses that will testify about each well.  For example, Interrogatory Nos. 3 and 4 ask plaintiff to:

> 3. Please identify each well from which class members did not receive payment for the ***gas constituent condensate.***  For each well identified, specify the period for which you contend the class members did not receive payment for the gas constituent.  (Emphasis added).
>
> 4. For your response to Interrogatory #3, please identify the witness(es) that will testify to your answer.[1]

Plaintiff contends that the detailed answers which defendant seeks to compel are located in ***defendant's*** own records and are the subject of ***plaintiff's*** pending discovery requests. Plaintiff also argues that it has fully answered these interrogatories by providing the information currently available to it.  For example, plaintiff answered Interrogatory No. 3 as follows:

> All class wells for the entire class period.  Drip condensate at issue in this lawsuit is that which condensed out on the gathering system and given to the gathering line as part of the consideration or fee for services rendered.  No royalty was paid at all on the drip condensate so either royalty owners got paid nothing for it or royalty owners were underpaid by not being paid for the uplift.

With respect to Interrogatory No. 4, plaintiff answered:

> All Chesapeake witnesses aware of the gas conditioning contracts and

---

[1]  Interrogatory Nos. 5, 7, and 9 follow a similar pattern and ask for information concerning individual wells and (1) nitrogen, (2) helium, and (3) natural gas liquids. Interrogatory Nos. 6, 8, and 10 ask for the names of witnesses.

> gathering system witnesses for each gathering system and experts to be designated as ordered by the court. Any third party witnesses that are identified in discovery or deposed.

The court is satisfied that plaintiff has answered Interrogatory Nos. 3-10; therefore, the motion to compel more complete answers shall be denied. The more important case management issue is the establishment of an appropriate schedule for plaintiff to supplement its interrogatory answers as discovery progresses. The parties shall confer in good faith concerning the status of discovery and submit their suggestions for a schedule for supplementation of discovery responses.

**Interrogatory No. 11**

This interrogatory asks:

> Is it plaintiff's contention that no market can exist at a wellhead? If so please describe in detail the factual basis to support this contention and identify each witness that will testify about this contention.

Plaintiff objected to the interrogatory, arguing that "no one has contended in this case that there is a market at the wellhead." Defendant moves to compel, arguing that it "has consistently maintained that because it sells gas at the wellhead, a market for that gas exists." (Doc. 140, p. 3). Plaintiff opposes the motion to compel, arguing that a sales transaction is different from a "market" and defendant is seeking to compel something different than what is requested by the interrogatory. Defendant did not address Interrogatory No. 11 and plaintiff's arguments in its reply brief.

The parties' arguments and explanations concerning this discovery dispute are

extremely limited and it is unclear whether defendant has simply abandoned this issue or is satisfied with plaintiff's explanation concerning a "wellhead market."  Because the record and arguments are inadequate to resolve this issue, the request to compel a more complete answer to Interrogatory No. 11 shall be denied without prejudice.

**Interrogatory No. 16**

Interrogatory No. 16 asks plaintiff to

> Identify each and every other producer operating in Kansas that computes and pays royalty on oil and gas leases in a manner which you contend complies with the obligation to make gas marketable you contend should be implied into each oil and gas lease.

Plaintiff opposes the motion to compel, arguing the discovery request is compound and irrelevant.  Again, defendant did not address plaintiff's arguments or mention Interrogatory No. 16 in its reply brief; therefore, the motion to compel Interrogatory No. 16 shall be denied without prejudice.

### Plaintiff's Motion to Quash (Doc. 150)

Defendant served Arkalon Grazing Association with a Rule 30(b)(6) deposition containing a list of 24 topics.  Plaintiff moves to quash and for a protective order, arguing that the topics:  (1) have been the subject of an earlier deposition of an Arkalon representative, (2) request information that is irrelevant or privileged, and (3) prematurely seek expert opinions concerning damages.  Plaintiff also argues that a Rule 30(b)(6)

deposition is an inefficient and unproductive exercise at this time because most of the underlying information will come from defendant's records and employees and that *plaintiff's* pending discovery requests have not been resolved.  Plaintiff seeks relief under both Fed. R. Civ. P. 26(c) (protective orders) and Rule 26(b)(2)(C) (limitations on discovery).

Defendant argues that a protective order is not appropriate because Rule 26(c) "does not permit the court to issue such an order to protect a party from having to provide discovery on topics merely because it's argued those topics are overly broad or irrelevant, or because it's argued and requested discovery is not reasonably calculated to lead to the discovery of admissible evidence." New Jersey v. Sprint Corp., 03-2071-JWL, 2010 WL 610671 at *1 (D. Kan. Feb. 19, 2010).  The quote cited by defendant is not persuasive because plaintiff does not simply argue "that the topics are overly broad or irrelevant." Rather, plaintiff argues that the Rule 30(b)(6) deposition at this time constitutes *annoyance*, *harassment* and an *undue burden,* the grounds listed in Rule 26(c) for entry of a protective order.  Equally important, plaintiff seeks relief under Rule 26(b)(2)(C) which provides additional grounds for the court to limit or modify discovery. New Jersey v. Sprint Corp. is simply inapposite.

Having considered the parties' arguments and the topics listed in defendant's Rule 30(b)(6) deposition notice, the motion to quash shall be GRANTED and the deposition will not proceed at this time.  Arkalon Grazing Association is a corporation whose stock is owned

by two ranchers and the business of the corporation is ranching.[2]  Arkalon Grazing is a

plaintiff because of its ownership of royalty rights in six gas wells that generate

approximately $12,000 per year.  Aside from information provided by plaintiff's attorneys

and experts, the corporation and its two stockholders have little knowledge concerning

natural gas marketing and the legal intricacies of the gas leases and oil and gas rights.

Because the corporation is only a royalty owner, its knowledge concerning details related to

gas production, marketing and accounting before filing this lawsuit was limited to the

monthly check and statement sent to royalty owners.  Details concerning production, sales,

and accounting are in the possession of defendant and/or other non-parties and the subject

of plaintiff's discovery requests.

Although aware of the practical makeup of Arkalon's corporation and the lack of

direct knowledge of complex oil and gas matters, defendant still seeks to utilize Rule

30(b)(6) to secure discovery concerning plaintiff's contentions and legal theories.  However,

the court concludes that the problems associated with addressing the 24 topics in a Rule

30(b)(6) deposition outweigh the benefits of conducting such a deposition at this time.  As

---

2

     Defendant took the deposition of Larry Louderback, one of the two stockholders.
Mr. Louderback testified that Arkalon Grazing Association was incorporated as a "non-
profit" in 1969 with the assistance of a local attorney.  The corporation owns
approximately 3,400 acres of grassland in western Kansas and the royalty rights were
acquired in 1969 when certain tracts of land were purchased.  Mr. Louderback could not
explain why the Association was established as a "non-profit" and stated: "Arkalon has to
make a profit to survive."  The lawyer who drafted the incorporation documents in 1969
is now deceased and the best explanation given for the non-profit corporate status was
that the western Kansas attorney "kinda-shot-from-the-hip" in practicing law.

mentioned above, much of the "factual" information is currently in defendant's possession and plaintiff would be continually supplementing its answers as discovery progresses. For example, Topic 3 asks for plaintiff's "knowledge or contention of what happens to the gas produced from Hatfield No. 1 well, from the time it leaves the wellbore until it is consumed." In general, a royalty owner, such as plaintiff, will have little information concerning the disposition of the natural gas until defendant and other non-parties respond to plaintiff's discovery requests. Conducting a Rule 30(b)(6) deposition *at this time* will not materially advance the resolution of the case. Similarly, Topics 7 and 8 seek testimony concerning the amount of plaintiff's damages. Plaintiff's damages will be determined from defendant's records and rely on expert opinions which are not yet due.

In addition to being premature, a number of topics seek plaintiff's legal contentions. For example, Topic 10 asks plaintiff to provide a representative to testify about Arkalon's "contention about where title and custody transfer from Chesapeake to a third party." Topic 16 seeks testimony about "any contention by Arkalon about the meaning of the word 'proceeds' as used in the oil and gas lease applicable to the Hatfield No. 1 well." These topics seek legal contentions and it would be both annoying and unduly burdensome to require a two-stockholder corporation in the business of grazing cattle to prepare and provide

a representative capable of testifying about the legal intricacies of certain oil and gas claims.[3]

Because the proposed Rule 30(b)(6) topics are burdensome and annoying, a protective order quashing the deposition shall be granted under Rule 26(c). Additionally, the burden of the proposed discovery outweighs its likely benefit and there exist more convenient methods, such as interrogatories, for securing the information. Fed. R. Civ. P. 26(b)(2).

In summary, the problem with defendant's list of Rule 30(b)(6) topics is not the subject matter but rather the timing and method of discovery. With respect to timing, the parties shall confer concerning a sequence of discovery that is efficient and minimizes the need for continuous and voluminous supplementation. The parties shall also confer concerning defendant's use of additional interrogatories to more effectively and efficiently secure discovery concerning plaintiff's legal contentions.

**IT IS THEREFORE ORDERED** that defendant's motion to compel **(Doc. 140)** is **DENIED.** The parties shall confer and submit their suggestions for a schedule for supplementation of plaintiff's interrogatory answers by email to the chambers account by **June 11, 2012.**

**IT IS FURTHER ORDERED** that plaintiff's motion to quash **(Doc. 150)** is

---

[3]

    As noted above, Mr. Louderback struggled to even explain Arkalon's status as a "non-profit" corporation that "had to earn a profit." Many of the Rule 30(b)(6) topics request testimony about complex legal issues and the court holds no illusion that Mr. Louderback or Arkalon's other stockholder could be sufficiently educated in a reasonable period of time to explain the legal theories and analysis of Arkalon's counsel during a Rule 30(b)(6) deposition.

**GRANTED.**  The parties shall confer and submit their suggestions concerning a schedule

for defendant to serve additional interrogatories by **June 11, 2012.**  The parties suggestions

will be addressed during the scheduled June 12, 2012 status conference.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 31st day of May 2012.


S/ Karen M. Humphreys

_____

KAREN M. HUMPHREYS
United States Magistrate Judge